Filed 5/24/22  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RICARDO RODRIGUEZ,<br><br>      Defendant and Appellant. | C094495<br><br>(Super. Ct. No. 20CF03165) |

Appointed counsel for defendant Ricardo Rodriguez has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record, we shall vacate the $25 administrative screening fee imposed pursuant to Penal Code[1] former section 1463.07 that was unpaid as of July 1, 2021, in light of the passage of Assembly Bill No. 177

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

1

(2021-2022 Reg. Sess.) (Stats. 2021 ch. 257, §§ 34-35).  Finding no other arguable error that would result in a disposition more favorable to defendant, we will otherwise affirm the judgment.

BACKGROUND

The People's complaint filed July 1, 2020, charged defendant with committing a lewd or lascivious act upon a child under the age of 14 (§ 288, subd. (a); count 1); dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 2); and continuous sexual abuse of a child (§ 288.5, subd. (a); count 3).  On November 19, 2020, the complaint was deemed an information by stipulation of the parties.

On February 11, 2021, the People amended the date count one was committed, and defendant then resolved this case by pleading guilty to count one, and in exchange, the other two counts as well as a misdemeanor matter were dismissed in the interests of justice with a *Harvey* waiver.[2]  The parties stipulated the factual basis for the plea would be taken from the probation report.  This report stated that defendant had touched his stepdaughter's breasts below her shirt and bra on multiple occasions over the course of approximately one and a half years.

On July 1, 2021, the trial court denied defendant's request for probation and sentenced him to the midterm of six years.  The court also ordered defendant pay a $300 restitution fine (§ 1202.4), a $300 suspended parole revocation restitution fine (§ 1202.45), a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court operations fee (§ 1465.8), a sex offense fine (§ 290.3) including associated penalty enhancements totaling $1,170, and a $25 administrative screening fee (former § 1463.07).  The court reserved jurisdiction to award victim restitution.  Finally, the court

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

issued a section 136.2 postjudgment order preventing defendant from contacting the victim for ten years.

Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date, has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court imposed a $25 administrative screening fee pursuant to former section 1463.07. Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92, § 62), amended by Assembly Bill No. 177 (Stats. 2021, ch. 257, § 35), added section 1465.9, which repealed and made unenforceable a range of court-imposed costs. (See Stats. 2020, ch. 92, §§ 11, 62.) Section 1465.9 now provides in pertinent part: "(a) The balance of any court-imposed costs pursuant to Section . . . 1463.07 . . . , as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." Accordingly, we will modify the judgment to vacate the $25 administrative screening fee that was unpaid as of July 1, 2021. (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953 [by setting a date after which the fee would become unenforceable, the Legislature indicated amounts paid before that date should not be vacated].) Finding no other arguable errors that are favorable to the defendant, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to vacate the $25 fee imposed pursuant to former section 1463.07 that was unpaid as of July 1, 2021. The trial court shall prepare an

amended minute order and amended abstract of judgment and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　HOCH, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
EARL, J.